THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL ) <br> UNION, LOCAL 73 ) <br> ) <br>              Plaintiff, ) <br>    v. ) <br> ) <br> THE BOARD OF TRUSTEES OF THE ) <br> UNIVERSITY OF ILLINOIS ) <br> ) <br>              Defendant. ) | Case No. 2:22-cv-2099 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Service Employees International Union, Local 73 ("Union"), by and through its attorneys, Jacobs, Burns, Orlove & Hernandez LLP, brings this suit against Defendant, the Board of Trustees of the University of Illinois ("the Board") pursuant to 42 U.S.C. §1983 to enforce the right to freedom of speech under the First Amendment of the United States Constitution as those rights are incorporated by the Fourteenth Amendment. In addition, the Union brings a supplemental claim against the Board for violations of the Illinois Open Meetings Act, 5 ILCS 120/1, *et seq*. ("OMA"). Equitable relief is sought. The Union demands a trial by jury under Federal Rule of Civil Procedure 38. In support of its Complaint, the Union alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. The Union is a labor organization that is the exclusive representative for the Board's employees at the Urbana-Champaign campus in the following classifications, as defined or established by the Illinois State Universities Civil Service System: Building Service Worker, Maid, Mail Messenger, Area Supervisor, Culinary Worker II, Culinary Worker III (Cook), Culinary Worker IV (Head Cook), Food Service Sanitation Laborer, Food Court/Snack Bar Attendant, Laundry Workers, Wait Staff, and Floater Positions.

2.     The Union is a resident of the State of Illinois, has an office in the Central District, and represents Board employees whose place of employment is in the Central District.

3.     The Union is a "person" within the meaning of OMA.

4.     In addition to having standing to bring this action on its own behalf, the Union has associational standing to bring this action because: (a) the Board employees the Union represents otherwise have standing to sue in their own right; (b) the interests the Union seeks to protect – including the ability to address the Board regarding labor relations and collective bargaining and the transparency and openness of the Board's meetings – are germane to the Union's role as exclusive representative; and (3) neither the claims the Union asserts nor the relief it requests require the participation of individual employees.

5.     The Board is established pursuant to the University of Illinois Act, 110 ILCS 305/1, *et seq.*, and is a body corporate and politic with, among other things, the power to enter into contracts and to sue and be sued.

6.     The Board is a resident of the State of Illinois and has its principal place of business in the Central District, Urbana Division.

7.     The Board is a "public body" within the meaning of Section 1.02 of OMA.

8.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because it arises under the Constitution and the laws of the United States, namely the First Amendment, Fourteenth Amendment, and 42 U.S.C. §1983.

9.     The Court has supplemental jurisdiction over Count 2 pursuant to 28 U.S.C. §1367, because those claims are so related to the claims under the First Amendment, Fourteenth Amendment, and 42 U.S.C. §1983 that they form part of the same case or controversy.

10. Venue is proper in the Central District under 28 U.S.C. §1391 because the Board is located in this district and all the events and omissions giving rise to the claims occurred in the Central District, Urbana Division.

**FACTS**

11. The Board holds meetings every other month, typically on a Thursday. The Board has adopted rules for public comment titled "Procedures Governing Appearances Before the Board of Trustees," a copy of which is attached as Exhibit A ("Procedures").

12. The Procedures has four sections: (1) Requests to address the Board; (2) Time allocation; (3) Scheduling of speakers; and (4) Scheduling of sessions.

13. Section 1 of the Procedures provides as follows:

> **Requests to address the Board:** Requests to appear before the Board to make comments to or ask questions of the Board must be received by the Secretary in writing no later than three business days before the Board meeting at which the individual wishes to speak. The Secretary will review this request and notify the person making the request whether he/she may give public comment at the next meeting. The request should set out clearly the nature of the subject matter to be presented and must relate to matters within the jurisdiction of the Board of Trustees. In making a request to appear before the Board, individuals must give their names and any relevant title or affiliation. Substitute speakers will not be permitted.

14. Section 3 of the Procedures provides as follows:

> **Scheduling of speakers:** When the number of requests to address the Board at a given session exceeds the time available, requests will be approved based on the date the written request was received by the Secretary of the Board. In addition, preference will be given to subject matters that relate to the agenda for the relevant Board meeting and to avoid repetitiveness. *Finally, the Board will not hear presentations or entertain questions on the following topics: issues under negotiation as part of the University's collective bargaining process; statements concerning the private activities, lifestyles or beliefs of individuals employed by or associated with the University; grievances of individual students or employees; proposals or bids for contracts; or, litigation involving the University.*

(emphasis added.)

3

15. On March 17, 2022, the Board held a meeting in Champaign, Illinois.

16. On March 13, 2022, Board employees Dena Gary, Michael Lindley, and Kelsey Hayes submitted written requests to the Board Secretary to speak at the Board meeting to address labor relations, unfair negotiations, employees' treatment, and employees' concerns. Copies of the requests to speak and the denials are attached as Exhibit B.

17. Gary, Lindley and Hayes are represented by the Union, are members of the Union, and are on the Union's bargaining committee that negotiates the Union's contracts with the Board.

18. Gary is the president, and Lindley is a steward and trustee of Chapter 119 of the Union.

19. Gary, Lindley, and Hayes' requests to speak at the Board meeting complied with Section 1 of the Procedures.

20. The Board Secretary denied Gary, Lindley, and Hayes' requests based solely on the first topic in the last sentence of Section 3 of the Procedures, as follows:

> I am writing in regards to your request to speak at the upcoming board of trustees meeting. Because of your proposed topic deals with issues under negotiation as part of the University's collective bargaining process, I am unable to approve your request.
>
> Sincerely,
>
> Greg Knott
> Secretary of the Board of Trustees and of the University

Copies of the requests to speak and the denials are attached as Exhibit B.

### COUNT I
### 42 U.S.C. § 1983
### VIOLATION OF FIRST AND FOURTEENTH AMENDMENT RIGHTS

21. The Union adopts and incorporates the allegations of Paragraphs 1-20, as if fully set forth herein.

22. The public comment portion of the Board's meetings is a designated public forum.

23. Any content-based restrictions during the public comment portion of the Board's meetings are subject to strict scrutiny and must serve a compelling state interest and be narrowly drawn to achieve that purpose.

24. The first topic in the last sentence of Section 3 of the Procedures constitutes a content-based restriction that prohibits the public from speaking regarding issues under negotiation as part of the Board's collective bargaining process.

25. The first topic in the last sentence of Section 3 does not serve a compelling state interest and is not narrowly tailored to the pursuit of a compelling state interest.

26. The Board's decision to deny public comment on March 17, 2022, was a content-based restriction that was not narrowly tailored to the pursuit of a compelling state interest.

27. By prohibiting the public, including the Union and the employees it represents, from engaging in public comment on issues related to labor relations and collective bargaining, the Board is engaging in unreasonable content-based restriction on speech that violates the rights of the public, including the Union and its members, under the First Amendment, as it is incorporated by the Fourteenth Amendment to apply to the Board.

WHEREFORE, the Union respectfully requests that this Court grant the following relief:

A. Enter judgment in favor of the Union and against the Board;

B. Declare that the first topic in the last sentence of Section 3 of the Procedures violates the rights of the public, including the Union and the employees it represents, under the First Amendment, as it is incorporated by the Fourteenth Amendment to apply to the Board;

C. Declare that the Board's decision to deny public comment on March 17, 2022, violated the First Amendment, as it is incorporated by the Fourteenth Amendment to apply to the Board;

D. Declare that the public, including the Union and the employees it represents, has the right to speak during public comment on matters involving labor relations and collective bargaining;

E. Preliminary and permanently enjoin the Board from enforcing the first topic in the last sentence of Section 3 of the Procedures;

F. Grant the Union its attorneys' fees and costs under 42 U.S.C. §1988(b); and

G. Any and all other relief the Court finds justified.

## COUNT II
## VIOLATIONS OF THE OPEN MEETINGS ACT

28. The Union adopts and incorporates the allegations of Paragraphs 1-20 as if fully set forth herein.

29. Pursuant to Section 2.06(g) of OMA: "Any person shall be permitted an opportunity to address public officials under the rules established and recorded by the public body."

30. The first topic in the last sentence of Section 3 of the Procedures constitutes an unreasonable content-based restriction on the opportunity to address public officials in violation of Section 2.06(g) of OMA.

31. The Board's decision to deny public comment on March 17, 2022, violated Section 2.06(g) of OMA.

WHEREFORE, the Union respectfully requests that this Court grant the following relief:

A. Enter judgment in favor of the Union and against the Board;

B.     Declare that the first topic in the last sentence of Section 3 of the Procedures violates Section 2.06(g) of OMA;

C.     Declare that the Board's decision to deny public comment on March 17, 2022, violated OMA;

D.     Declare that the public, including the Union and the employees it represents, has the right to speak during public comment on matters involving labor relations and collective bargaining.

E.     Preliminary and permanently enjoin the Board from enforcing the last sentence of Section 3 of the Procedures;

F.     Order the Board to pay the Union's reasonable attorneys' fees and costs in pursuant to Section 3(d) of OMA; and

G.     Any and all other relief the Court finds justified.

Respectfully submitted,

/s/ David Huffman-Gottschling
One of Plaintiff's attorneys

David Huffman-Gottschling
ARDC No. 6769976
Jacobs, Burns, Orlove & Hernandez
150 N. Michigan Ave., Ste. 1000
Chicago, IL 60601

(312) 327-3443
davidhg@jbosh.com

# Exhibit A



# Procedures Governing Appearances Before the Board of Trustees

1. **Requests to address the Board:** Requests to appear before the Board to make comments to or ask questions of the Board must be received by the Secretary in writing no later than three business days before the Board meeting at which the individual wishes to speak. The Secretary will review this request and notify the person making the request whether he/she may give public comment at the next meeting. The request should set out clearly the nature of the subject matter to be presented and must relate to matters within the jurisdiction of the Board of Trustees. In making a request to appear before the Board, individuals must give their names and any relevant title or affiliation. Substitute speakers will not be permitted.

2. **Time allocation:** The Board will allow up to thirty minutes in total for public comment/questions per meeting. An individual speaker will be permitted five minutes for a presentation. This will be strictly adhered to with assistance of a timekeeper. Thus, a maximum of six speakers will be recognized for each Board meeting. Copies of speakers' comments, questions, and/or other written materials for distribution to the Board of Trustees will be accepted. Where appropriate, responses to questions germane to the University will be provided within a reasonable amount of time.

3. **Scheduling of speakers:** When the number of requests to address the Board at a given session exceeds the time available, requests will be approved based on the date the written request was received by the Secretary of the Board. In addition, preference will be given to subject matters that relate to the agenda for the relevant Board meeting and to avoid repetitiveness. Finally, the Board will not hear presentations or entertain questions on the following topics: issues under negotiation as part of the University's collective bargaining process; statements concerning the private activities, lifestyles or beliefs of individuals employed by or associated with the University; grievances of individual students or employees; proposals or bids for contracts; or, litigation involving the University.

4. **Scheduling of sessions:** The Chair will preside during Board of Trustees' sessions to receive public comment/questions. The Secretary is responsible for scheduling such sessions, which normally will occur after presentations to the Board and before voting on agenda items.

# Exhibit B



From: **uibot** <uibot-BOT@mx.uillinois.edu>
Date: Mon, Mar 14, 2022 at 1:32 PM
Subject: RE: Request to speak at board of trustees meeting
To: Kelsey Hayes <kelseyhayes88@gmail.com>


Dear Kelsey,

I am writing in regards to your request to speak at the upcoming board of trustees meeting. Because of your proposed topic deals with issues under negotiation as part of the University's collective bargaining process, I am unable to approve your request.

Sincerely,
Greg Knott


Greg Knott
Secretary of the Board of Trustees and of the University
352 Henry Admin Building MC 350
506 S. Wright Street
Urbana, IL 61801, USA
217-333-1920


**From:** Kelsey Hayes <kelseyhayes88@gmail.com>
**Sent:** Sunday, March 13, 2022 9:14 PM
**To:** uibot <uibot-BOT@mx.uillinois.edu>
**Subject:** Request to speak at board of trustees meeting

Hello!

I'm interested in participating in the public comment section at the board of trustees meeting on Thursday. I would like to discuss the concerns of building service workers at UIUC.

Thanks!
Kelsey Hayes



**From:** uibot <uibot-BOT@mx.uillinois.edu>
**Date:** March 14, 2022 at 1:32:40 PM CDT
**To:** Dena Gary <denagary3@yahoo.com>
**Subject: RE: Unfair negotiations and treatment at uiuc**

Dear Dena,

I am writing in regards to your request to speak at the upcoming board of trustees meeting.  Because of your proposed topic deals with issues under negotiation as part of the University's collective bargaining process, I am unable to approve your request.

Sincerely,
Greg Knott


Greg Knott
Secretary of the Board of Trustees and of the University
352 Henry Admin Building MC 350
506 S. Wright Street
Urbana, IL 61801, USA
217-333-1920

-----Original Message-----
From: Dena Gary <denagary3@yahoo.com>
Sent: Sunday, March 13, 2022 4:43 PM
To: uibot <uibot-BOT@mx.uillinois.edu>
Cc: Dena Gary <denagary3@yahoo.com>
Subject: Unfair negotiations and treatment at uiuc

My Name is Dena Gary, current chapter President of SEIU 73 chapter 119. I would like to request to speak to the board of  trustees at your next meeting about our treatment and unfair negotiations here at UIUC. Feel free to contact me at 12174800305. Thank you in advance.
Sincerely,
Dena Gary



**From:** uibot <uibot-BOT@mx.uillinois.edu>
**Sent:** Monday, March 14, 2022 1:31:13 PM
**To:** Lindley, Michael Anthony <mlindle2@illinois.edu>
**Subject:** RE: Board of Trustees Meeting

Dear Michael,

I am writing in regards to your request to speak at the upcoming board of trustees meeting. Because of your proposed topic deals with issues under negotiation as part of the University's collective bargaining process, I am unable to approve your request.

Sincerely,
Greg Knott


Greg Knott
Secretary of the Board of Trustees and of the University
352 Henry Admin Building MC 350
506 S. Wright Street
Urbana, IL 61801, USA
217-333-1920


**From:** Lindley, Michael Anthony <mlindle2@illinois.edu>

**Sent:** Sunday, March 13, 2022 3:17 PM
**To:** uibot <uibot-BOT@mx.uillinois.edu>
**Subject:** Board of Trustees Meeting

Hello,

My name is Michael Lindley and I'm a BSW in housing. I would like the opportunity to speak at the meeting to discuss the state of labor relations at the university of possible. Thank you for your consideration!

Michael Lindley
Get Outlook for iOS

